

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 10, 1968

Honorable J.R. Singleton
Executive Director
Parks and Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. M-276

Re: Whether gate entrance
receipts collected at
Palo Duro Canyon State
Park since November 28,
1967, should be deposited
in the Texas Park Develop-
ment Bonds Interest and
Sinking Fund.

Dear Mr. Singleton:

In your recent request for an official opinion from this
office, you submitted the following facts as hereinafter summarized:

(1) Revenue Bonds were issued by the State
Parks Board in 1947 to secure the pay-
ment of lands comprising the Palo Duro
Canyon State Park. These bonds have
been fully paid and discharged.

(2) In 1965, the Act under which gate en-
trance fees were collected at Palo Duro
Canyon State Park, (Art.6077j V.C.S.)
was amended to permit the continued
collection of fees after retirement of
the said bonded indebtedness, such fees
to be used for improvements to the Park.
Such fees were collected from 1965
through November 28, 1967, effective date
of the Constitutional Amendment (Art.III,
Sec. 49-e Constitution of Texas) and
Article 6070h, Vernon's Civil Statutes,
the enabling law passed pursuant to the
authority thereof, which amendment and
statute presently provide for the
collection of gate entrance fees at all
State Parks, as well as the disposition
of those fees.

Your inquiry relates solely as to what disposition should be
made of gate entrance fees collected at the Palo Duro Canyon State
Park from November 28, 1967, to the present, and as to such fees
collected in the future.

- 1337 -

Article 6070h, Sections 9(a) and 9 (b), Vernon Civil Statutes, provide specifically for the creation of two special funds for the administration of monies collected pursuant to the Act. Section 9 (a) provides for the creation of the "Texas Park Development Fund." Proceeds from the sale of Texas Park Development Bonds are to be deposited in this fund and disbursed for authorized land acquisition and park improvements. Section 9 (b) provides for the creation of the "Texas Park Development Bonds Interest and Sinking Fund." Park revenues and other specified funds are to be deposited in this fund and are to be disbursed exclusively for the payment of interest and principal on outstanding bonds authorized by the Act.

These two sections of Art. 6070h provide for the creation of funds which cannot exist absent the issuance of Texas Park Development Bonds. They have no application to any Department funds which may exist prior to the issuance of bonds or after any outstanding bonds have been fully paid or for which payment has been fully provided.

The revenues to which your inquiry addresses itself were collected between November 27, 1967, and the present. To date no Texas Park Development Bonds have been issued pursuant to Article 6070h. Therefore, the monies in question cannot be deposited in either of the funds hereinabove discussed.

Section 49-e, Article III, of the Constitution of Texas is the constitutional amendment which is the underlying authority for Art. 6070h. It provides: "After all bonds have been fully paid with interest, or after there are on deposit sufficient monies to pay all future maturities of principal and interest, additional monies received from admission charges to State Parks shall be deposited to the State Parks Fund, or any successor fund which may be established by the Legislature as a depository for Park revenue earned by said Parks and Wildlife Department, or its successor."

Article 6070h is silent as to disposition of the revenues in question, but the authorizing constitutional provisions are clear as to their disposition when there are no outstanding bonds, or when their payment in full has been provided.

Although the language of the Constitution addresses itself to the situation where bonded debt has existed and been extinquished, the necessary implication is inescapable that the constitutional provision likewise applies to the situation where no bonds have been issued.

Constitutional provisions are mandatory; therefore, the only fund into which any gate entrance fees collected since November 28, 1967, may be deposited is the State Parks Fund.

Future revenues must likewise be deposited in this fund until such time as the State Parks and Wildlife Commission may issue its State Park Development Bonds. Upon the issuance of such bonds, gate entrance receipts must be deposited with the State Treasurer in the manner prescribed by the Constitution and the applicable statute.

## S U M M A R Y

Park revenues collected since November 28, 1967, by the Parks and Wildlife Department, from gate entrance receipts at the Palo Duro Canyon State Park must be deposited with the State Treasurer in the "State Parks Fund."

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by JOSEPH H. SHARPLEY
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Joe Clayton
Jim Swearingen
Jack Goodman
Ben Harrison

A.J. Carubbi, Jr.
Executive Assistant